IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **WETRO LAN LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**VIZIO, INC.,**<br><br>Defendant. | Civil Action No. 2:15-cv-00223-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT VIZIO, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS, AND DEMAND FOR A JURY TRIAL**

Defendant VIZIO, Inc. ("VIZIO" or "Defendant"), by and through its undersigned counsel, responds to Plaintiff Wetro Lan LLC's ("Wetro" or "Plaintiff") Complaint (the "Complaint") as follows:

**NATURE OF THE ACTION**

1.   VIZIO admits that this is an action for patent infringement, but denies that it has infringed the asserted patent, that this action has any merit, or that Plaintiff is entitled to the relief sought.  VIZIO also admits that United States Patent No. 6,795,918 (the "'918 Patent") is entitled "Service Level Computer Security."  VIZIO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and on that basis denies them.

**PARTIES**

2.   VIZIO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis denies them.

3.       VIZIO admits that it is a business organized and existing under the laws of the State of California, with its principal place of business located at 39 Tesla, Irvine, CA 92618.

## JURISDICTION AND VENUE

4.       VIZIO admits that this action arises under the patent laws of the United States, but denies that this action has any merit or that Plaintiff is entitled to the relief sought.  VIZIO admits that this Court has subject matter jurisdiction over the alleged patent infringement claims.

5.       VIZIO admits that this Court has personal jurisdiction over it with respect to this action.  VIZIO denies the remaining allegations of paragraph 5.

6.       VIZIO denies the allegations of paragraph 6.

7.       VIZIO admits that venue in this action is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b), however, denies that this venue is the most convenient. VIZIO denies the remaining allegations of paragraph 7.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,795,918

8.       VIZIO realleges and incorporates by reference paragraphs 1-7 above in response to paragraphs 1-7 of Plaintiff's Complaint as if fully set forth herein.

9.        VIZIO admits that the '918 Patent was issued by the United States Patent and Trademark Office on September 21, 2004.  VIZIO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and on that basis denies them.

10.      VIZIO denies the allegations of paragraph 10.

11.      VIZIO denies the allegations of paragraph 11.

12.      VIZIO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis denies them.

13. VIZIO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies them.

14. VIZIO denies the allegations of paragraph 14.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, VIZIO asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### First Affirmative Defense

### (Failure to State a Claim)

15. Plaintiff's Complaint fails to state any claims upon which relief can be granted.

### Second Affirmative Defense

### (Noninfringement of the '918 Patent)

16. VIZIO has not infringed, either directly, contributorily, or by inducement, any claim of the '918 Patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

### (Invalidity and Unenforceability of the '918 Patent)

17. The claims of the '918 Patent are invalid and unenforceable for failure to meet one or more of the conditions of patentability under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Fourth Affirmative Defense

### (Prosecution History Estoppel for the '918 Patent)

18. On information and belief, by reason of prior art and the proceedings in the United States Patent and Trademark Office during the prosecution of the applications, and all applications to which the '918 Patent claims priority, that led to the issuance of the '918 Patent,

including without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Plaintiff is estopped from asserting that the claims of the '918 Patent cover and include the devices, methods or acts of VIZIO under the doctrine of equivalents.

### Fifth Affirmative Defense

### (Laches)

19. On information and belief, Plaintiff, and the prior assignees of the '918 Patent, delayed filing suit for an unreasonable and inexcusable length of time from when they knew or reasonably should have known of VIZIO's allegedly infringing products. This delay has prejudiced and injured VIZIO.

### Sixth Affirmative Defense

### (Failure to Mark)

20. On information and belief, Plaintiff is limited in its right to seek damages due to a failure to mark products covered by the '918 Patent, including but not limited to, products covered by the '918 Patent made, used, offered for sale, or sold by Plaintiff and prior assignees and licensees of the '918 Patent.

### Seventh Affirmative Defense

### (Failure to Provide Notice)

21. On information and belief, Plaintiff is limited in its right to seek damages due to a failure to provide notice of alleged infringement of the '918 Patent to VIZIO.

### RESERVATION OF ADDITIONAL DEFENSES

22. Discovery in this action has not yet commenced and VIZIO continues to investigate the allegations set forth in the Complaint. VIZIO specifically gives notice that it

intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to assert such additional defenses.

## COUNTERCLAIMS

VIZIO asserts the following counterclaims against Plaintiff:

## PARTIES

1. VIZIO, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business is at 39 Tesla, Irvine, California 92618-4603.

2. Upon information and belief, Plaintiff is a corporation organized under the laws of the state of Texas, with its principal place of business at 3400 Silverstone Drive STE 191-D, Plano, Texas 75023.

## JURISDICTION AND VENUE

3. In its Complaint herein, Plaintiff claims to be the owner of the '918 Patent and claims that VIZIO has directly infringed the '918 Patent. VIZIO denies Plaintiff's claims for alleged direct infringement of the '918 Patent.

4. Plaintiff's claim against VIZIO for alleged direct infringement of the '918 Patent creates an actual case or controversy between Plaintiff and VIZIO, sufficient to entitle this Court to declare the respective rights and obligations of the parties with respect to the '918 Patent.

5. This is an action arising under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, based on the actual justiciable controversy between Plaintiff and VIZIO. These counterclaims are compulsory under Rule 13(a) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367 and 2201-2202.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I

### (Declaration of Noninfringement)

7. VIZIO realleges and incorporates by reference each of the allegations set forth in paragraphs 1-6 herein.

8. VIZIO has not directly infringed any claim of the '918 Patent, either literally or under the doctrine of equivalents.

9. VIZIO is entitled to a declaration from this Court that it has not infringed and is not infringing any claim of the '918 Patent, either literally or under the doctrine of equivalents.

## COUNT II

### (Declaration of Invalidity)

10. VIZIO realleges and incorporates by reference each of the allegations set forth in paragraphs 1-9 herein.

11. The claims of the '918 Patent are invalid and unenforceable for failure to meet one or more of the conditions of patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

12. VIZIO is entitled to a declaration from this Court that the claims of the '918 Patent are invalid and/or unenforceable for failure to meet one or more of the conditions of patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## **PRAYER FOR RELIEF**

WHEREFORE, VIZIO respectfully requests:

1. That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

2. That Plaintiff take nothing by way of its Complaint;

3. That judgment be entered declaring that VIZIO has not infringed and is not infringing any claim of the '918 Patent;

4. That judgment be entered declaring that the '918 Patent is invalid and/or unenforceable;

5. That this case be found exceptional pursuant to 35 U.S.C. § 285; and

6. That VIZIO be awarded its reasonable costs and attorneys' fees and such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, VIZIO demands a trial by jury on all issues so triable.

DATED: April 16, 2015

By: /s/ Adrian M. Pruetz
Adrian M. Pruetz
apruetz@glaserweil.com
Charles C. Koole
ckoole@glaserweil.com
Clifford Chang
cchang@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California  90067
Phone: (310) 282-6250
Fax: (310) 785-3550

*Attorneys for Defendant VIZIO, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 16, 2015. Any other counsel of record will be served by First Class U.S. mail on this same date.

        /s/ Adrian M. Pruetz
        Adrian M. Pruetz